IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY LYNN WEAVER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | Civil Action No.   20-1520 |
| ) | |
| KILOLO KIJAKAZI,[1] ) | |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |

AMBROSE, Senior District Judge

# **OPINION**

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 17 and 19).  After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 16) and granting Defendant's Motion for Summary Judgment. (ECF No. 19).

## I. **BACKGROUND**

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act.  Plaintiff filed her application on December 27, 2016, alleging disability began on November 30, 2014.  Administrative Law Judge ("ALJ"), Paul Kovac, held an initial hearing on September 20, 2018.  That hearing was continued so Plaintiff could secure representation.  A second hearing was held on January 31, 2019.  Plaintiff and counsel attended the second hearing.  After

---

[1]Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.

the hearing, Plaintiff attended a consultative examination. On June 12, 2019, a third hearing was held. Plaintiff's counsel was present at the third hearing but Plaintiff was excused from attendance. A vocational expert testified at the third hearing. On July 2, 2019, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 8-2, pp. 16-30).

After exhausting all administrative remedies, Plaintiff filed the instant action with this court. The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 16 and 18). The issues are now ripe for review.

II. **LEGAL ANALYSIS**

    A. **Standard of Review**

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months.   42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant.   20 C.F.R. §404.1520(a).   The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.   The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).   *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).   *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.   *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.    Treating Physicians

Plaintiff first argues that the ALJ erred by improperly disregarding the medical opinion of her treating physicians.  (ECF No. 17, pp. 8-13).   The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In

addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).   The opinion of a treating physician need not be viewed uncritically, however. Rather, only where an ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.*   "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical

evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

Here, Plaintiff suggests that the Pennsylvania Department of Human Services Employability Assessment Form completed by Dr. Palastro at her PCP's office and the Commonwealth of Pennsylvania Department of Human Services Medical Assessment Form completed by Dr. Nanov, both concluding that Plaintiff was disabled, should have been credited. (ECF No. 17, pp. 8-9, 12).   To be clear, the ultimate decision of disability as it relates to social security claims is reserved solely for the ALJ.   20 C.F.R. § 404.1527*,* 416.927.   Thus, the ALJ was not required to give these opinions any weight or special significance.   Moreover, the ALJ considered the same and gave them no weight based on several reasons: 1) the opinions reach the ultimate issue which is reserved for the ALJ; 2) no detailed explanation was provided to support the finding of disability or the term of disability; and 3) the mental determination was based on a diagnosis without supportive explanation. (ECF No. 8-2, p. 28).    *Id.*   I find this decision to be based on substantial evidence.   *Id.* at pp. 13-24.   Therefore, I find no error in this regard.

Plaintiff also suggests that the ALJ erred in failing to give substantial weight to the GAF[2] scores of 50 and below.  (ECF No. 17, pp. 9-13).   After a review, I disagree.   First,  Plaintiff's

---

[2]GAF is an acronym which refers to an individual's score on the Global Assessment of Functioning Scale. American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000). The scale is used to report the "clinician's judgment of the individual's overall level of functioning" in light of his psychological, social, and occupational limitations. *Id.* The GAF ratings range from 1 to 100. GAF scores are arrived at by a clinician based on his or her assessment of a patient's self-reporting.   American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 32 (4th ed. Text Revision 2000).   GAF scores do not have a direct correlation to the disability requirements

5

GAF argument relies, in significant part, on evidence that predates the relevant period, November 30, 2014 (the alleged onset date) – June 30, 2017 (the last date insured). *Id.* Second, after a review, I find the ALJ's reasons for assignment of little weight to the GAF scores of 50 to be valid, proper and supported by substantial evidence. (ECF No. 8-2, p. 28). Consequently, remand is not warranted on this basis.

Finally, Plaintiff concludes that the above evidence supports her position that her conditions are disabling. (ECF No. 17, p. 13). To be clear, the standard is not whether there is evidence to establish Plaintiff's position. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. *Jesurum v. Sec'y of U.S. Dep't of Health & Human Services,* 48 F.3d 114, 117 (3d Cir. 1995) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. *Reefer v. Barnhart,* 326 F.3d 376, 379 (3d Cir. 2003).

*Weidow v. Colvin,* Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Thus, the question before me is whether substantial evidence supports the ALJ's findings. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Therefore, Plaintiff's conclusion in this regard is misplaced. As a result, remand is not warranted on this basis.

C.   **Residual Functional Capacity ("RFC")** [3]

Plaintiff also argues that the ALJ improperly determined her RFC. (ECF No. 17, pp. 13-16). To that end, Plaintiff specifically argues that there is substantial evidence to support her

---

and standards of the Act. *See,* 65 Fed. Reg. 50746, at 50764-65 (2000). In fact, as of May 18, 2013, the American Psychiatric Association no longer endorses the GAF scale as a measurement tool. *See,* Diagnostic and Statistical Manual of Mental Disorders (DMS-V) (5th ed. 2013).

[3] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his own limitations. 20 C.F.R. §416.945(a).

position that she is not able to perform the work set forth in the ALJ's RFC finding.  *Id.*  Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.  *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).  Thus, the support for Plaintiff's argument in this regard is entirely misplaced and insufficient to place the issue before me.

## D. Vocational Expert

Plaintiff submits that the ALJ erred by improperly disregarding vocational expert testimony and by relying on an incomplete hypothetical question. (ECF No. 17, pp. 16-17).  An ALJ is required to accept only that testimony from the vocational expert which accurately reflects a plaintiff's impairments.  *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987).  Based on my review of the record, there is substantial evidence that the ALJ's hypothetical questions accurately reflected Plaintiff's impairments.  (ECF No. 8-2, pp. 16-30; No. 8-2, pp. 37-48).   Consequently, I find no error in this regard.

## E. Subjective Complaints of Pain

Finally, Plaintiff argues that the ALJ erred by failing to "show any rational basis for discounting Plaintiff's testimony" related to her subjective complaints of pain. (ECF No. 17, pp. 17-1819).  In considering the intensity, persistence, and limiting effects of an individual's symptoms, the ALJ will examine the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record.  SSR 16-3p.  Additionally, the ALJ will also consider daily activities; the location, duration, frequency, and intensity of pain or other symptoms; factors that precipitate and aggravate the symptoms; the type, dosage, effectiveness, and side

effects of any medication an individual takes or has taken to alleviate pain or other symptoms; treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.   20 C.F.R. §§404.1529(c), 416.929(c).   The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. *Id.* I must defer to the ALJ's determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

Plaintiff's argument in this regard is basically that there is testimony from both her and her father regarding her pain and health limitations, and those statements along with the GAF assessments support her position regarding her limitations such that they should be given great weight.    (ECF No. 17, pp. 17-18).   Again, the standard is not whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's finding.   *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989).   Thus, the support for Plaintiff's argument is completely misplaced.

There is one sentence that generically states that the ALJ did not show any rational basis for discounting Plaintiff's testimony or that of her father.   (ECF No. 17, p. 18).   After a review of the record, I find that the ALJ followed the proper method as set forth above.   (ECF No. 8-2, pp. 16-30).   For example, the ALJ considered Plaintiff's statements and found them to be inconsistent with the medical and other evidence in the record.   *Id.*   Specifically, the ALJ compared her statements to the objective imagining evidence, the physical consultative and treating examinations, the mental health treatment records, and Plaintiff's activities of daily living. (ECF No. 8-2, p. 23).   Based on the entire record as a whole, I find there is substantial evidence

to support the ALJ's decision for discounting Plaintiff's statements. Therefore, I find no error in this regard.

While I acknowledge the ALJ did not go into detail about Plaintiff's father's testimony, the ALJ did recognize that Plaintiff's father testified. (ECF No. 8-2, p. 16). Furthermore, the ALJ need not discuss every tidbit of evidence. *Fargnoli v. Massanari,* 247 F.3d 34, 42 (3d Cir. 2001) ("There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record."). Plaintiff offers no explanation of how her father's testimony is not cumulative evidence nor does Plaintiff suggest how this testimony would have altered the opinion of the ALJ. (ECF No. 17, p.. 17-18). As a result, I am not persuaded that the failure to discuss the testimony of Plaintiff's father at length warrants remand.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HOLLY LYNN WEAVER, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) Civil Action No.  20-1520 |
| KILOLO KIJAKAZI,[4] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 15th day of December, 2021, it is ordered that Plaintiff's Motion for Summary Judgment (ECF No. 16) is denied and Defendant's Motion for Summary Judgment (ECF No. 18) is granted.

BY THE COURT:

*Donetta F. Ambrose*

Donetta W. Ambrose
United States Senior District Judge

---

[4] Kilolo Kijakazi became Acting Commissioner of Social Security on July 9, 2021, replacing Andrew Saul.